## Reeves, Com'r of Revenue, et al. v. Louisville Baseball Club, Inc.

June 21, 1940.

W. B. Ardery, Judge.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellants.

Grafton & Grafton for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Sections 4281f-1 to and including 4281f-22 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes provides for an excise tax on admission charges to "places of amusement and/or entertainment." A part of Section 4281f-2 (but mistakingly numbered in the Statutes, supra, as 4181f-2) grades and fixes the rate of taxation. A proviso in Section 4281f-4 says: "Provided, however, that nothing in this Act shall be construed as placing a tax upon admissions to athletic contests, unless the price charged for said admission to said athletic contests shall exceed the sum of fifty cents (50c); in which case the first fifty cents (50c) of such admission shall be exempt

from the tax levied under this Act." The levying statute, as published in the edition of our Statutes, supra, was amended at the 1940 regular session of our Legislature by an act known as House Bill No. 525, Acts 1940, c. 181, Section 1, and it in reenacting the original misnumbered section, supra, fixing the rate of the tax, says in part: "If the admission charge is eleven cents (11c) to eighteen cents (18c) inclusive, the rate shall be one cent (1c); if the admission charge is nineteen cents (19c) to twenty-eight cents (28c) inclusive, the rate shall be two cents (2c); if the admission charge is twenty-nine cents (29c) to thirty-eight cents (38c) inclusive, the rate shall be three cents (3c); if the admission charge is in excess of thirty-eight cents (38c) and not exceeding one dollar ($1.00), the rate shall be three cents (3c) plus one cent (1c) additional for each ten cents (10c) or fractional part thereof in excess of thirty-eight cents (38c); if the admission charge is in excess of one dollar, the rate shall be ten cents (10c) plus one cent (1c) additional for each twenty-five cents (25c) or fractional part thereof in excess of one dollar ($1.00). Provided, that admission charges of less than eleven cents (11c) shall not be subject to tax hereunder."

This controversy arose between appellee and plaintiff below, and the appellants and defendants below, over the question as to the proper method of calculating the tax due from the plaintiff, who operates in the Commonwealth places of entertainment made subject to the tax, but which is entitled to the provided exemptions, supra, because its entertainments are "athletic contests" to which the statute extends the exemption from all of the provided tax on admission charges of 50c or less. The defendants, who constitute the state agency to collect the tax and administer the law, contend that the tax due from plaintiff should be calculated on the basis provided in the statute, but commencing with the increased admission over and above 50c as is enacted in the statute on the excess of an admission fee above 38c; as therein provided for; whilst plaintiff contends that the levying of the tax on all charges made by it above 50c should be calculated on the basis of the initial levy provided in the statute to a nonexempt taxpayer, and as if the excess rate it may charge above 50c was the amount upon which the tax should be calculated as though it was not in the exempted class. To settle that controversy, appellee filed this declaratory judgment action against

defendants in the Franklin circuit court, and upon submission it rendered the judgment appealed from which was in accordance with the contention of plaintiff to reverse which defendants prosecute this appeal.

For the purpose of clarity in the presentation of the questions involved, we insert the court's judgment, which says: "(1) If the established admission price of fifty cents (50c) or less no tax is due or owing by the plaintiff. (2) If the established admission price is fifty-one cents (51c) to sixty cents (60c) inclusive the tax is one cent (1c). (3) If the established admission price is sixty-one cents (61c) to seventy cents (70c) inclusive the tax is two cents (2c). (4) If the established admission price is seventy-one cents (71c) to eighty cents (80c) inclusive the tax is three cents (3c). (5) If the established admission price is eighty-one cents (81c) to ninety cents (90c) inclusive the tax is four cents (4c). (6) If the established admission price is ninety-one cents (91c) to one dollar ($1.00) inclusive the tax is five cents (5c). (7) If the established admission price is in excess of one dollar ($1.00) the tax is five cents (5c) plus one cent (1c) additional for each twenty-five cents (25c) or fractional part thereof in excess of one dollar ($1.00)."

The questions involved appear to be practically of first impression, since neither side relies on any authorities for their respective contentions, but only on what they term is a proper interpretation of the statute in order to carry out the intention of the Legislature in enacting it. In brief of counsel for appellee there is incorporated an opinion which it is said the court orally delivered at the time of reaching its conclusion, which was later embodied in the judgment, supra. Its correctness is not questioned by counsel for appellants, and it states the case as succinctly as we are able to do, if not more so, and for which reason we insert it and which is: "It seems to me that the bill as it applies to admissions other than to athletic contests, prescribes the amount of the tax with precision and particularity up to an admission price of 38c. It then establishes 38c as a base and levies a tax on the excess at the rate of a penny for each dime as far as a dollar and thereafter at the rate of a penny for each quarter. As I read the exemptions for athletic contests, as set forth in Section 4281f-4, it seems to me that the only reasonable interpretation is to substitute 50c as the base instead of 38c as in other cases, and thereafter to apply the same rates as apply to ad-

missions which are not exempt. For an admission price of $1.50 to an athletic contest, it seems to me that the first 50c is tax free, the next 50c is taxable at a penny for each dime or fractional part thereof, making a tax of 5c, and the third 50c is taxable at the rate of a penny for each quarter or fractional part thereof making a tax of 2c and a total tax of 7c." In other words, the court construed the statute as amended by the 1940 Act as providing that the charge for admissions to athletic contests in excess over 50c is taxable at the same rate as applies to other admissions in the same price range furnishing the basis of the tax due from nonexempt entertainments.

An illustrative application of the contention made by appellants is contained in brief of counsel for appellee, and it is so pertinent, and coincides with our conclusion so completely, that we have concluded to adopt it as part of this opinion. It says: "According to the views urged upon the court by the appellants, appellee would be required to pay a tax of 1c for an admission price exceeding 50c and not exceeding 58c and an additional tax of 1c if the admission price should be, for example, 59c or 60c. It is obvious that if this view is adopted, the appellee will be taxed a penny for the first 8c in excess of 50c instead of a penny on the first 10c in excess of 50c which is the rate provided by the act. The construction urged by the appellants has the effect of giving to appellee an exemption of only 48c instead of 50c as prescribed by the act, since any calculation of the tax in the manner claimed by appellants arrives at precisely the same result that would be obtained by reducing the exemption from 50c to 48c."

It is therefore our conclusion that, in enacting the statute as amended, the Legislature intended exactly what it said, i. e., to exempt entertainments consisting of athletic contests from the payment of any tax levied by the statute so long as its admission fee did not exceed 50c; but when the charge exceeded that amount the excess became taxable as though the entertainment was not exempt and the tax should be calculated on the admission fee in excess of the exemption the same as the tax levied against a nonexempt entertainment.

The court having adopted that interpretation in its judgment, which coincides with our views, it follows that it should be and it is affirmed.